UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE V. KNIGHT, | No. 2:20-cv-0196 TLN AC P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| BOARD OF PAROLE HEARINGS, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before the court is respondent's motion to dismiss. ECF No. 11. For the reasons stated below, the motion should be granted.

I.   BACKGROUND

Petitioner is serving an indeterminate prison term for murder. ECF No. 1 (petition) at 12. He challenges not his conviction or sentence, but the Board of Parole Hearings' subsequent failure to set a release date. Although the petition itself does not clearly identify a specific Board determination that is at issue, respondent represents—and petitioner does not dispute—that petitioner was first denied parole in 2008. See ECF No. 11 at 2.

////

1

The petition presents two claims, which are untethered to any specific Board decision: (1) that California's statutory parole scheme has no provision for "accidental murder," and it "militates against individual assessment and consideration" (ECF No. 1 at 6-10); and (2) that the process by which minimum eligible release dates for those serving life with the possibility of parole are meted out and deferred in California is vague, ambiguous and arbitrary, in part because it does not take into consideration mitigating factors such as "accidental murder" (ECF No. 1 at 12-16). Petitioner contends with respect to both claims that California Penal Code Section 3041(b), which provides general guidelines for parole decisions, is "unconstitutionally vague," ambiguous, and that it "invite[s] arbitrary enforcement in violation of the [D]ue [P]rocess [C]lause[]." ECF No. 1 at 8, 14. Petitioner alleges that the Board's parole eligibility process, and the Title 15 regulations that implement the parole statutes,[1] violate his due process rights under the Fourteenth Amendment as well as his rights under the California Constitution. Id. at 6-7, 12-13.

The motion to dismiss was filed in February 2022, and petitioner's opposition was docketed in March 2022. ECF Nos. 11, 12. Respondent argues that the petition should be dismissed as untimely, successive, unexhausted, and/or procedurally barred. The court need only consider successiveness, as that issue is dispositive.

### III.   THE PETITION SHOULD BE DISMISSED AS SUCCESSIVE

#### A. Law Governing Successive Petitions

Under 28 U.S.C. § 2244(b)(3)(A), a second or successive application for habeas relief may not be filed in district court without prior authorization by the court of appeals. See Felker v. Turpin, 518 U.S. 651, 656-57 (1996). Prior authorization is a jurisdictional requisite. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (once district court has recognized a petition as second or successive pursuant to § 2244(b), it lacks jurisdiction to consider the merits). The district court has discretion either to transfer a successive petition to the court of appeals or to dismiss the petition. United States v. Winestock,

---

[1] See Cal. Code Regs. tit. 15, §§ 2000-2403.

340 F.3d 200, 207 (4th Cir. 2003) (Section 2255 case) abrogated in part on other grounds by United States v. McRae, 793 F.3d 392 (4th Cir. 2015); Robinson v. Johnson, 313 F.3d 128, 139-40 (3rd Cir. 2002).

A petition is successive within the meaning of 28 U.S.C. § 2244(b) where it "seeks to add a new ground for relief" or "if it attacks the federal courts previous resolution of a claim on the merits." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (emphasis in original). A prior habeas disposition is "on the merits" if the district court either considered and rejected the claims or determined that the underlying claim would not be considered by a federal court. See Howard v. Lewis, 905 F.2d 1318, 1322 (9th Cir. 1990). Dismissals on grounds of untimeliness and procedural default constitute dispositions on the merits for purposes of the successive petition bar. McNabb v. Yates, 576 F.3d 1028, 1029-130 (9th Cir. 2009). A habeas petition is second or successive when it raises claims that were or could have been adjudicated on the merits in the prior proceeding. Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008).

### B. Petitioner's Prior Federal Habeas Cases

Respondent has provided documentation of the following § 2254 cases filed previously by petitioner:[2]

- Knight v. Diaz, Case No. Case No. 3:18-cv-02884 AJB BGS (S.D. Cal.), filed December 24, 2018 and alleging that petitioner should have been released on parole at the expiration of his base term. The petition was dismissed an untimely and procedurally barred. ECF No. 11, Exhibits 11, 12, 13.
- Knight v. Sherman, Case No. 1:19-cv-0810 DAD SKO (E.D. Cal.), filed in the Central District as case No. 2:19-cv-0121 AG PLA (C.D. Cal.) on January 24, 2019. The petition challenged implementation of California's parole suitability factors under state law, claiming that they fail to provide for individualized parole consideration. The case was transferred to this district and subsequently dismissed for failure to state a cognizable federal habeas claim. ECF No. 11, Exhibits 14, 15, 16.

---

[2] The court takes judicial notice of the dockets in these cases under Fed. R. Evid. 201.

1    • Knight v. Spearman, No. 2:19-cv-1633 KJM KJN (E.D. Cal.), filed on August 21, 2019
2      and presenting three parole-related claims: (1) that petitioner was deprived of a youth
3      offender parole hearing to which he was entitled under California law; (2) that the failure
4      to provide him with a timely youth offender parole hearing violated his due process rights;
5      and, (3) that his due process rights were violated when the Board failed to release him at
6      the expiration of his prison term, as reduced by credits he allegedly earned. The third
7      claim was dismissed as unexhausted and the first two claims were dismissed for failure to
8      state a federal habeas claim for relief. ECF No. 11, Exhibits 17, 18, 19.

   C. Discussion

   1. Claim One of the Instant Petition Has Been Previously Adjudicated

In Knight v. Sherman, supra, petitioner attacked the same California parole regulations on substantially the same grounds as he does here. Compare Sherman, ECF No. 1 at 5-6, 10 (stating parole board's "suitability criteria . . . militates against individualized consideration"), with ECF No. 1 at 8 (stating Sections 2000 through 2400 of Title 15 "are devoid of provisions for accidental murders . . . and militate[] against . . . individual assessment and consideration."). Petitioner asserted in Sherman that his Fourteenth Amendment rights were being violated as a result of the blanket application of the parole statutes. See Sherman, Case No. 1:19-cv-0810, ECF No. 1 at 6. The Sherman Court dismissed, finding that the allegations failed to state a federal claim upon which relief could be granted. Id. at ECF Nos. 16 at 2, 18.

A dismissal for failure to state a claim constitutes a judgment on the merits for purposes of claim preclusion. Save Bull Trout v. Williams, 51 4th 1101, 1109 (9th Cir. 2022) (citing Stewart v. Bancorp, 297 F.3d 953, 957 (9th Cir. 2002)). "[A]ny claim that has already been adjudicated in a previous petition must be dismissed." Gonzalez, 545 U.S. at 530; see also 28 U.S.C. § 2244(b)(1). To the extent (if any) that the present claim relies on facts not alleged in Sherman or legal theories distinct from those asserted in Sherman, the newly presented material could have been included in the prior petition. Accordingly, Claim One must be dismissed as successive.[3]

---

[3] For the same reasons, this claim is likely also barred by principles of res judicata. Because the entire petition is subject to dismissal as successive, the undersigned does not independently

See McNabb, 576 F.3d at 1029 (a habeas petition is second or successive when it raises claims that were or could have been adjudicated on the merits in the prior proceeding).

### 2. Claim Two Could Have Been Raised Earlier

Assuming without deciding that Claim Two asserts a legal challenge to the California parole process that is distinct from the challenges presented in petitioner's prior applications for federal habeas relief, as petitioner contends, it could have been included in any of those petitions. The statutory and regulatory framework for parole suitability decisions that petitioner challenges in this case was in place when the 2018 and 2019 petitions were filed.[4] None of the federal statutory exceptions to the successive petition bar apply here. Claim Two does not rely on any new rule of constitutional law that was previously unavailable to petitioner and has been declared retroactive by the U.S. Supreme Court. See 28 U.S.C. § 2244(b)(2)(A). It is not based on a factual predicate previously unavailable through the exercise of due diligence. § 2244(b)(2)(B)(i). And it does not arise from facts which would affirmatively demonstrate petitioner's actual innocence of his commitment offense. § 2244(b)(2)(B)(ii).

### 3. The Successive Petition is Unauthorized

Because the claims presented here were or could have been presented in one of petitioner's prior federal petitions, the instant petition is successive and can only be considered in the district court if the Court of Appeals has authorized the filing. § 2244(b)(3); Felker, 518 U.S. at 656-57. There has been no such authorization for this court to consider the petition. Accordingly, the court lacks jurisdiction to consider it. Burton, 549 U.S. at 152; Cooper, 274 at 1274. Accordingly, dismissal is required.

### IV. PLAIN LANGUAGE SUMMARY FOR A PRO SE LITIGANT

Federal law does not allow you bring repeated habeas petitions challenging the same conviction, sentence, or problems with the parole system. The magistrate judge is recommending

---

analyze this issue.

[4] Petitioner focuses on California Penal Code Section 3041(b) and the implementing regulations at Title 15 of the California Code of Regulations, §§ 2400 et seq. ECF No. 12 at 2. The most recent amendment to Penal Code Section 3041 became effective on January 1, 2018. The referenced regulations have not been substantively amended since 2005. The petition also references Penal Code § 190, as it codified Proposition 7, which dates back to the 1970s.

that the motion to dismiss be granted, because you have filed previous federal habeas petitions about California's statutory and regulatory framework regarding parole.  Even if the issues addressed in this petition are different from those in your other cases, this petition is considered "successive" because you could have and should have raised all your issues in one action.  Before filing a "second or successive" petition in district court, you need to get authorization from the Court of Appeal for the Ninth Circuit.  Because you did not do so, the district court lacks jurisdiction to consider the issue you have raised.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 11) be GRANTED;

2. This CASE be DISMISSED with prejudice as barred by 28 U.S.C. § 2244(b); and

3. The court DECLINE to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 28, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE